# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HEATH ANDREW MELVIN,**

**Plaintiff,**

**v.**                                                    **Case No:   6:13-cv-1041-Orl-36KRS**

**COMMISSIONER OF SOCIAL
SECURITY,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 18)** |
| **FILED:** | **April 2, 2014** |

Plaintiff, Heath Andrew Melvin, seeks an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.   Following Defendant's unopposed motion to remand, a final judgment reversing the decision below was entered on February 11, 2014. Doc. No. 17.   Counsel for the Plaintiff represents that the relief requested is not opposed. Doc. No. 18 at 3.   Thus, the motion is now ripe for consideration.

Richard A. Culbertson, Esq., Plaintiff's counsel of record, seeks an award of fees for 0.9 hours of work in 2013 and 1.5 hours of work in 2014, for a total of 2.4 hours by Attorney Culbertson. *Id.* at 2, 12.   Attorney Culbertson also seeks recovery for 5.9 hours of work by Attorney Sarah Fay in 2013 and 0.1 hours of work in 2014, for a total of 6.0 hours worked by Attorney Fay.   *Id.* at 2,

13.   Finally, Attorney Culbertson seeks recovery for 18.0 hours of work by paralegal Michael Culbertson in 2013.  *Id.* at 2, 14.   The total award sought is $2,920.80.   *Id.* at 1-3.   Attorney Culbertson also requests an award of $400.00 for payment of the filing fee for this case.   *Id.* at 1, 3, 11.

The EAJA sets a ceiling of $125.00[1] on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI").   28 U.S.C. § 2412(d)(2)(A).   Attorneys Culbertson and Fay request $187.00 per hour for attorney work performed in 2013 and 2014.   Doc. No. 18 at 2, 8.   Attorney Culbertson provides an analysis for the cost-of-living increase using the CPI for 2013, but he does not analyze the cost-of-living adjustment for 2014.   *Id.* at 8-10.   Independent calculations show that the average adjusted hourly rate through May 2014 for the EAJA is $189.46.[2]   Accordingly, based on the cost-of-living adjustment, the requested rate of $187.00 per hour for attorney work performed in 2013 and 2014 does not exceed the EAJA cap of $125.00 per hour adjusted for inflation.

The EAJA states that the amount of attorney's fees and costs shall be based on prevailing market rates, "except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."   28 U.S.C. § 2412(d)(2)(A).   At least one Judge of this Court has expressed concern that the

---

[1]   Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996.   28 U.S.C. § 2412(d)(2)(A)(ii) (as amended by Pub. L. 104-121, § 232(b)(1)).

[2]   The figure is calculated by averaging the All Urban Consumers CPI rate for January, February, March, April, and May of 2014 and subtracting it from the March 1996 rate $(((233.916 + 234.781 + 236.293 + 237.072 + 237.900) \div 5) - 155.7 = 80.292)$ and then dividing that number by the March 1996 rate $(80.292 \div 155.7 = .5157)$.   These calculations result in the cost-of-living percentage increase from March 1996 through May 2014.   The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA $((.5157 \times 125) + 125 = 189.46)$.   *See* Department of Labor, Bureau of Labor Statistics, All Urban Consumers CPI, *available at* http://data.bls.gov/data (last visited June 19, 2014).

maximum rates authorized by applying a cost-of-living adjustment exceed the reasonable hourly rate for work of this type. *See Coffman v. Astrue*, No. 8:07-cv-1416-T-TGW, 2008 WL 5137956 (M.D. Fla. Dec. 5, 2008). Nevertheless, because the Commissioner does not object to the hourly rate sought for attorney time and it is within the rates permitted by the EAJA, I recommend that the Court find that the rate is reasonable without objection.[3]

Attorney Culbertson has also requested $75.00 per hour for the work of his paralegal. He cites to case law from the Middle District of Florida in which a rate of $75.00 per hour was awarded for work by a paralegal under the EAJA. Doc. No. 18 at 2, 8, 10. Time spent by a paralegal is reimbursable under the EAJA to the extent it is work normally done by an attorney. *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). "[E]xcluding reimbursement for such work might encourage attorneys to handle entire cases themselves, thereby achieving the same results at a higher overall cost." *Id.* (citation omitted). An hourly rate of $75.00 for paralegal time has previously been found reasonable by this Court. *See, e.g.*, *Mendheim v. Comm'r of Soc. Sec.*, No. 6:12-cv-601-Orl-KRS, Doc. No. 24 at 4 (M.D. Fla. Sept. 3, 2013); *Carr v. Comm'r of Soc. Sec.*, No. 5:10-cv-685-Oc-TBS, 2012 WL 1090648, at *2 n. 6 (M.D. Fla. Apr. 2, 2012). A review of the time sheet shows that the work performed by the paralegal was work normally done by an attorney. *See* Doc. No. 18 at 14. Therefore, I recommend that the Court find that the requested rate of $75.00 per hour for paralegal work is reasonable in the absence of objection.

---

[3] Attorney Fay was admitted to the Florida Bar in 2011. *See* The Florida Bar, *available at* http://www.floridabar.org/names.nsf/MESearchDK?Openform&QuickSearch&LN=Fay&FN=Sarah (last visited June 23, 2014). A rate of $187.00 per hour is not reasonable for an attorney with 3 years of experience in a social security case. Nevertheless, at least one Judge of this Court has sustained an objection to a Report and Recommendation on this basis because the Commissioner did not object to the requested hourly rate for Attorney Fay's work. *See, e.g.*, *Green v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-357-Orl-28KRS, Doc. No. 26 (M.D. Fla. May 24, 2013) (approving rate of $184.00 per hour for work performed in 2012 in the absence of objection). Accordingly, because the Commissioner does not object to the $187.00 rate for work done in 2013 and 2014 requested for Attorney Fay, I will recommend that the Court find it to be reasonable only in the absence of objection.

I also recommend that the Court find that the total number of attorney and paralegal hours worked is reasonable in the absence of objection.

Finally, Plaintiff seeks reimbursement of the $400.00 filing fee.   The docket reflects that a $400.00 filing fee was paid.   This is a taxable cost.

I also note that Plaintiff filed a retainer agreement that includes an assignment of any fees awarded under the EAJA to Attorney Culbertson.  Doc. No. 18-1.   In the retainer agreement, Plaintiff assigned his right to any attorney fees awarded under the EAJA to Attorney Culbertson. *Id.*  In the motion, Attorney Culbertson represents that, "[t]he parties have agreed that after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government.   If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel."   Doc. No. 18 at 2-3.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Plaintiff's Uncontested Petition for Attorney's Fees (Doc. No. 18) and **ORDER** the Commissioner to pay Plaintiff $2,920.80 in attorney's fees and $400.00 in costs.[4]   I further recommend that the

---

[4] Fees are calculated by timekeeper as follows: (2.4 hours worked by Attorney Culbertson in 2013 and 2014 × $187.00 = $448.80) + (6.0 hours worked by Attorney Fay in 2013 and 2014 × $187.00 = $1,122.00) + (18.00 paralegal hours x $75.00 = $1,350.00) = $2,920.80.

Commissioner be permitted, in her discretion, to pay all or part of the attorney's fees to Plaintiff's counsel should she determine that it is appropriate to do so.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 23, 2014.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy